## VADEN ET AL. VS. ELLIS.

In pleading a judgment, it is usual to aver that "it remains in full force and virtue, and in no wise set aside, reversed or held for naught;" but the better opinion seems to be that such an averment is not a substantial one: and being only a matter of form, its omission cannot be taken advantage of by demurrer under our statute.

No intendment will be made in aid of a plea in trover, setting up a justification of the conversion under a judgment and proceedings of a justice of the peace, (7 *Eng.* 688;)as where such plea fails to allege that the proceedings and judgment were had within the territorial jurisdiction of the justice.

Where the defendant pleads the general issue, and also pleads specially, matter which may be given in evidence as well under the general issue as under the special plea: and the court sustains a demurrer to the special plea—there is no error for which this court would reverse the judgment, even though the matter set up in the plea be a good defence—the party might have had the benefit of it under the general issue.

It is not necessary in an action of trover, to swear the jury "to try the issue and the damages to assess:" if they are sworn "to try the issue joined" it is sufficient.

A verdict for the plaintiff, merely for a certain amount of money, upon the plea of not guilty, in an action of trover, is a substantial response to the issue: and if not, it would be cured by the operation of the statute of amendments.

Where no exception is taken to the refusal of the court below to grant a new trial, this court cannot revise the decision on the motion. (15 *Ark.* 515 *and cases cited.*)

*Writ of error to Prairie Circuit Court.*

The Hon. FELIX J. BATSON, Circuit Judge, presiding.

JORDAN for the plaintiffs.

BERTRAND and WILLIAMS & WILLIAMS for the defendant.

Mr. Justice HANLY, delivered the opinion of the Court.

This was an action of trover, brought by the defendant in error, against the plaintiffs in error, for sundry goods and chattels, of the alleged value of *two thousand dollars*. Writ issued, returnable to the February term of the Prairie Circuit Court for 1855. At the August term following, the defendants below appeared and filed their two pleas, i. e., 1st, the general issue— and 2d, a special plea, in substance, as follows: That theretofore, to wit, on the 29th day of September, 1854, the plaintiffs in error sued out a writ of attachment, before Charles W. Smith, of White River township, in the county of Prairie, against John A. Mitchell, directed to the constable of that township, by virtue of which the constable, on the 30th of September, 1854, attached thereunder, and took into his possession, the goods and chattels described in the declaration, as the property of the defendant in the attachment suit, and to satisfy the debt therein specified: that on the 7th of October, 1854, whilst the property so attached was in the custody of the constable, by virtue of the attachment, the defendant in error filed his plea of interplea, in which he claimed all the property attached as the property of Mitchell, upon which the plaintiffs in error took issue:—that, thereupon, the justice of the peace, before whom the attachment suit was pending, at the instance of the interpleader and the plaintiffs in the attachment suit, caused a jury to be summoned and sworn to try the issue upon the plea of interplea:—that the jury, upon the evidence, returned before the justice of the peace a verdict in favor of the plaintiffs in error to the effect, that the goods claimed by the defendant in error were subject to the attachment against Mitchell, and of

right, not the property of the defendant in error, as by him in his interplea was alleged:—that, upon this verdict, the justice proceeded to. and did render judgment against the defendant in error for the costs of that proceeding: concluding with a verification.

Issue was taken to the *first* plea, and a demurrer interposed to the *second;* which was sustained.

The record shows that, at the same term, August, 1855, a trial was had before a jury upon the issue to the *first* plea, (the plaintiffs in error having declined to answer over upon the sustaining of the demurrer to their *second* plea;) that the jury were sworn "to try the issue joined according to the evidence," and upon the evidence adduced returned a verdict in these words: "We, the jury, find for the plaintiff $442."

On this verdict judgment was rendered by the court.

A motion for a new trial was made, and overruled by the Court, and no exception seems to have been taken thereto.

The defendants below brought error. The errors assigned are:

"1. The court below erred in sustaining the demurrer to the defendants' second plea.

2. The jury were not sworn according to law—having been sworn to try the issue joined, instead of to try the issue joined, and the damages to assess.

3. The verdict is not responsive to the issue joined, nor to the issue the jury were sworn to try.

4. The Court erred in overruling the motion for a new trial."

We will proceed to consider and determine the several errors assigned, as far as we can legitimately do so, consistently with the settled doctrines and practice of this Court, in the order in which they severally occur.

1. This assignment questions the legal sufficiency of the plea, to bar the defendant in error from a recovery in his action. The demurrer interposed contains several special causes, and among the number, there is one which assumes that the plea is defective on account of its omitting to aver, that the verdict and judgment upon the interplea "remain in full force and vir-

tue, and in no wise set aside, reversed or held for naught." As that ground, among others, seems to be relied on by the counsel for the defendant in error, in this Court, we will first consider of it. There can be no doubt, by reference to the precedents, that it is usual to insert the averment suggested in pleading (both in declarations and pleas) a judgment. We say it is usual to insert the averment, as the precedents show: but it by no means follows from this, that such an averment is a *substantial one*. The better opinion seems to be, that it is not. (See 2 *Chitty's Plead*. 484, *note r; 1 Sand*. 330, *note* 4.) And if not a matter of *substance*, but one only of *form*, the objection is not available under our statute, for the reason that objections to the form of the pleading were only ground of special demurrer at the common law. As this is the only ground assumed in the demurrer, pertaining to the form and structure of the plea, we will hasten to the consideration of its *substance* and *matter*.

Upon the authority of *Jones vs. Mason*, (7 *Eng. R.* 688,) we are constrained to hold the plea bad in substance. Like in that case, the plaintiffs in error attempt to justify the conversion of the property specified in the declaration, under a judgment and proceedings had before a justice of the peace, in favor of which nothing is intended that is not set forth in the record. In the case at bar, the plea omits to aver, affirmatively, whether the trial before the justice and jury, upon the interplea, was within the territorial jurisdiction of the justice.

But apart from this, there is another view in which the question may be regarded, which is as conclusive against the plaintiffs in error.

In trover, the general issue is *not guilty*, and it is said not to be usual, before the new rules in England, in this form of action, to plead any other plea, (See *Kennedy vs. Strong*, 10 *T. R.* 291,) for the reason, that, under the general issue, all the defences may be be given in evidence, except, possibly, the statute of limitations and release. See 1 *Chitty's Plead*. 499. 2 *Campb*. 558. 2 *Tucker's Com*. 87. 2 *Greenl. Ev., sec.* 648.

There are some defences, however, besides limitations and a

release, which may be specially pleaded—such for instance, as former recovery by plaintiff in trover, or trespass for the same goods, either against the defendant or another. So may things, which show a right in the defendant to detain the goods, be pleaded specially; as a right of lien in a tavern keeper or carrier; though all these defences are properly admissible under the general issue. See 1 *Chitty's Plead.*, as above. 2 *Tucker's Com. as above. Hunt vs. Cook*, 19 *Wend. R.* 463.

The record before us shows, that, at the time the demurrer to the *second* plea was sustained, the plea of the general issue was in, and that issue in due form was made upon that plea. The cause was tried upon the general issue, and as we have shown from the above authorities, the defence attempted to be set up under the *second* plea, to which the demurrer was sustained, was just as available to the plaintiffs in error, in evidence under the general issue, if a good defence at all, as if the same matter had been specially pleaded and the plea permitted to stand. The plaintiffs in error could not have been prejudiced by the judgment of the Court below, even conceding their plea to be good; and as a consequence it does not become necessary, that we should pass upon the legal sufficiency of the plea as a bar. See *Pelham vs. Page*, 1 *Eng. R.* 536.

We will, therefore, waive further notice of this assignment, and hold there is no error in the judgment of the Court below sustaining the demurrer of the defendant in error, to the second plea of the plaintiffs in error.

2. As to this assignment, we do not think it well taken, for the reason we do not conceive in the action of Trover it is necessary to swear the jury " to try the issue and the damages to assess." The manner in which the jury, in the case before us, was sworn, is sufficiently formal, and embraces the power to assess the damages, as well as to find as to the *conversion*. The case at bar has no analogy to the one of *McLain, Surv. vs. Taylor et al.*, (4 *Eng. R.* 362 *et seqr.*,) to which we have been referred by the counsel for the plaintiffs in error. That was an action of debt on a penal bond. The statute on the subject controlled the decision in that case. Here, the issue was as to

the *conversion*, and that, found for the plaintiff below, would draw after it, as a legal consequence or incident, damages to the value of the goods converted. So that, in swearing the jury to try the issue, they were necessarily sworn to try the whole issue, which, as we have shown, embraced the damages. Not so with debt on a penal bond; for the statute provides for issues both as to the breaches and the damages, and prescribes the substance of the oath to be administered in each case. See *Dig. secs.* 5, 6, 7, *p.* 120.

3. We do not esteem this assignment well taken, for the following reasons: 1. Because we hold that the verdict rendered in this instance is a substantial response to the issue. 2. If it is not, it is cured by operation of our statute of amendments. See *Dig. ch,* 126, *secs.* 119, 120, *p.* 815. 1 *Chitty's Plead.* 684. 2 *Tidd's Pr.* 919.

By applying the statute of amendments to the verdict before us, the formal defect is cured, not by actual amendment, but the Court, into which the record may be removed by error or appeal, will allow the benefit of the act to be obtained by overlooking the *omission* or *exception.* See 1 *Chitty's Plead.* as above. 2 *Tidd's Pr.* 928.

4. This assignment cannot avail the plaintiffs in error, for the reason that there is no exception upon the record to the judgment of the Court below, overruling their motion for a new trial. The uniform doctrine of this Court has been, that where there is no exception taken to a refusal of the Court to grant a new trial, the Supreme Court cannot revise the decision on the motion. See *Neville vs. Hancock et al.,* 15 *Ark. R.* 515, 516, and cases there cited. Also, *State Bank vs. Conway,* 13 *Ark.* 344, *et seqr.*

Upon the whole record, we have found no error in the judgment of the Court below of which the plaintiffs in error could properly complain. It is, therefore, in all things affirmed.