SCOTT *v.* THE STATE, 31 Miss. Rep., 473.

INDICTMENT—PRACTICE.

This court will not review the action of a circuit court, overruling a motion for a new trial, or giving instructions alleged to be erroneous, or any other matter assigned for error, unless the same shall have been properly excepted to in the court below.

An indictment under a statute must pursue the words of the statute, and aver all the facts and circumstances necessary to constitute the offense. 13 S. & M., 264; 23 Miss. Rep., p. 527.

In error, from the circuit court of Madison county. HENRY, J.

*Lawson* and *Tupper,* for plaintiff in error.

The indictment was founded on the statute for cruel or unusual punishment of slaves. Hutch. Code, 519.

The indictment should have been quashed, because it does not show that defendant was master, or that he was entitled to the

---

services of the slave, but simply states that he was overseer; it does not contain the statutory offense; indictments, founded on statutes, must pursue the precise and technical language employed in the statute, in the definition or description of the offense.   Anthony v. State, 13 S. & M., 264; Ike v. The State, 23 Miss. R., 527; 4 Porter, 410; 1 Chitty Crim. Law, 250, 282.

It may be urged that the defendants could have been indicted, and the indictment is good, under the first sentence of the paragraph, "That no cruel or unusual punishment shall be inflicted on any slave in this state."   We think the whole section must be taken together, and the subsequent part qualifies the first; one of the cardinal rules, for the interpretation of statutes, is to look at the old law for the mischief and the remedy.   By the old or common law, all persons, except those having the right to control the slave, were liable to indictment for assault and battery on him.   Law of Slavery, 239; State v. Hale, 2 Hawks N. C. R., 582.

The master or other person entitled to his services was not liable to be punished for cruelty.   Law of Slavery, 244.   State v. Mann, 2 Devereux (N. C.) R., 263.

The mischief was, that those who had the control of slaves could not be indicted for cruel or unusual punishment.

The law afforded a remedy, by subjecting them to indictment, and applies only to them as strangers were before the law liable to indictment.   The overseer has an authority, delegated from the master, to control the slaves, and inflict punishment to correct them.   The overseer could not be indicted at common law, for chastising the slaves, if the master could not; and that the master could not, see the able opinion in the case of State v. Mann, above cited.

If the overseer be not punishable under the term, " or other person entitled to the service," then his is an omitted case, and, if so, cannot be supplied by the judiciary.   Dwarris on Statutes, 53.

To the legislature belongs the power to declare the crime and fix the punishment.   Smith Com., 861, 865.

*F. Smith,* on same side.

The plaintiff in error was indicted on the following statute, to wit :

"No cruel or unusual punishment shall be inflicted on any slave in this state. And any master or other person, entitled to the service of any slave, who shall inflict such cruel or unusual punishment, or shall authorize or permit the same to be inflicted, shall, etc., be fined, etc." Hutch. Code, 519, § 44.

The indictment in this case is sustainable on the first clause of the statute. Supposing the words of the latter clause not to be pursued, the contempt of, or disobedience to, the general prohibitory clause is an indictable offense. Every contempt of a statute which prohibits any thing in general terms, is indictable. Dwarris on Statutes, 9th vol. of Law Library, 33, 34, 89.

1. The attempt to indict under the particular clause, and failing to pursue the words, which make such words as would not be required in drawing an indictment on the general clause surplusage, this is the only effect it could have.

2. In South Carolina, it has been decided that a man is indictable for an assault and battery on another's slave, and that such is a good indictment at common law, according to a well-established canon in criminal law; if there was a common-law offense prior to the making of the statute, the statutory offense was merely cumulative, and if the indictment be not, from bad pleading, a proper indictment, as a statutory indictment, it will be good as a common-law indictment. The words used in the indictment show, at common law, what would be termed an aggravated assault. Dwarris on Statutes, 9th vol. Law Library, 33, 34.

3. But the statutory words in the latter clause of the statute are sufficiently specific in this indictment; the indictment alleges that Richard Scott, being then and there the overseer of a certain slave by the name of Bob, unlawfully did, then and there inflict cruel punishment upon said slave, etc.

4. The term overseer, *ex vi termini*, satisfies the statutory definition of "a person entitled to the service of a slave." State v. Borroum et al., 1 Cushm. Miss. Rep., 477, 482.

A motion was made in arrest of judgment. One reason as-

signed was that the verdict did not show on which count it was founded, there being two counts in the indictment.

It is allowable to include two counts in an indictment, and a general verdict thereon will be sustained.   Wilbourn v. State, 8 S. & M., 348 ;  Morris v. State, ib., 772.

The only mode the prisoner had to except to the joinder of two counts in the same indictment was, a motion to compel the district attorney to elect which of the counts he would proceed on, on the ground that such election was due to the prisoner, to prevent his being embarrassed on the trial of his case.   Brantley v. The State, 13 S. & M, 470.

There was a motion to quash the indictment, but no such ground was taken or stated ; and a point not presented to the court below cannot be adjudicated upon in an appellate court. Dyson v. The State, 4 Cushm. Miss. Rep., 391.

There is no position better commended, or more fully established in the law, than the last.

As to the motion for a new trial : the testimony was fairly before the jury, the credibility of the witnesses known to them ; and there can be no pretence, it appears to me, to say that there is a clear preponderance of evidence against the verdict.  There is as strong evidence for as against the verdict ; at least, the requisite state of things to give a new trial does not exist ; there is neither great preponderance of evidence against the verdict, nor is the verdict without evidence at all.

There were five charges asked for by the state, and eight asked for by the defendant.  The court granted them all, and fairly presented the law to the jury.   Whatever misruling or mistakes were made, it is manifest that on the whole record the law has been administered and justice has been done.

*D. C. Glenn*, attorney general.

SMITH, C. J.:

The plaintiff in error was indicted, in the circuit court of Madison county, for inflicting cruel punishment upon a slave, in violation of the statute.   The indictment contained two counts.  The first charged, that the prisoner, being then and there the overseer of a certain slave by the name of Bob, un-

lawfully did then and there inflict cruel punishment upon the said slave, said slave being then and there the property of Lawson F. Henderson, in the manner following; setting out the character and the manner in which the alleged punishment was inflicted. The second count charged the prisoner with having, at divers times, before the finding of the bill of indictment, unlawfully inflicted cruel punishment upon other slaves of the said Henderson, the prisoner being, at the time, the overseer of the same.

A motion was made to quash the indictment, which was overruled, and the cause submitted to a jury, who returned a general verdict of guilty. A motion was then interposed in arrest of judgment, which being disallowed, the prisoner moved for a new trial. First, Because the court, in behalf of the prosecution, gave erroneous instructions to the jury; and Second, Because the verdict was contrary to law and evidence. This motion was overruled, and the defendant sued out a writ of error to this court.

It is now contended that the conviction and judgment were erroneous, for the following reasons: 1st, Because the court erred in overruling the motion to quash the indictment; 2d, Because the court erred in overruling the motion in arrest of judgment; and lastly, Because there was error in the decision of the court on the motion for a new trial.

1. We shall notice, first, the question raised upon the motion for a new trial.

There was no exception, as shown by the record taken in the court below, to the judgment of the court on the motion for a new trial. This was an indispensable prerequisite to a revision of the question of the alleged invalidity of the decisions on that motion. Hutch. Dig., art. 7, § 1. Nor were the instructions, granted at the request of the prosecuting attorney, excepted to. We cannot, therefore, notice the alleged error committed by the court in granting these instructions, as connected with either the propriety of the finding or the supposed error committed in overruling the motion. We pass, therefore, to the only questions properly presented by the record. These arise upon the motion to quash and the motion in arrest of judgment.

2. The questions presented by these motions are substantially the same, with 'the exception of the last ground taken in support of the motion in arrest of judgment; that is, that the indictment contains two counts, and it does not appear on which of these counts the verdict was founded; we will consider the subject in addition to the ground above stated; they are that the "indictment was founded on the statute, and does not contain the statutory words necessary to constitute the offense as defined by the statute;" and that the "indictment does not contain any charge that is punishable under the statute, nor does it specify any crime indictable at common law."

The indictment under which the prisoner was convicted is framed upon the statute concerning slaves, free negroes and mulattoes, passed in 1822, the 44th section of which provides that "no cruel or unusual punishment shall be inflicted on any slave within this state. And any master or any person entitled to the service of any slave, who shall inflict such cruel or unusual punishment, or shall authorize or permit the same to be inflicted, shall, on conviction thereof," etc. Hutch. Dig., 519.

The first clause of this statute makes it criminal for any one to inflict cruel punishment on a slave within this state. Generally an act committed in contempt or violation of the general prohibitory clause of a penal statute is indictable at common law. And hence it is contended, in support of the judgment, that as the indictment was framed upon the first clause, it should be sustained as an indictment at common law, although it should be found to be insufficient as an indictment upon the statute. But passing this question, let us notice the exception urged by counsel for the prisoner; that is, that the facts and circumstances which constitute the offense created by the statute, are not, with sufficient certainty, alleged in the indictment.

The rule on this subject is well settled in this court. An indictment upon a statute must state all the circumstances which constitute the definition of the offense in the act, so as to bring the accused judicially within it. It should be clear and certain to every intent, and pursue the precise language of the statute.[1] 13 S. & M., 264; 23 Miss. R., 527.

[1] Wharton Am. Cr. Law, 364; State v. Gibbons, 1 Southard, 51; State v. Calvin,

It is not controverted that the act alleged to have been committed by the plaintiff in error was that which is denounced and intended to be punished, or that the indictment does charge with the requisite degree of precision and certainty the facts and circumstances which amount in law to the offense of cruel or unusual punishment of a slave; but it is contended that the averments of the indictment do not bring the defendant within the class or classes of persons against whom the penalty contained in the statute is denounced; in other words, that the defendant is not brought judicially within the act.

It is averred in the indictment that the prisoner, " being then and there the overseer of a certain slave named Bob, unlawfully did then and there inflict cruel punishment upon the said slave, the said slave being then and there the property of one Lawson F. Henderson, in the manner following, to wit," etc.

This description of the party charged with the commission of the offense is sufficient. It brings him judicially within the statute. The term " overseer of a slave," according to its statutory import, means a person who, as agent or employee of another, has a right to command the obedience, and, of course, is entitled to the services of the slave placed under his charge. It was manifestly not the intention of the legislature to confine the punishment prescribed in the act to the owner, master or other persons entitled beneficially to the services of the slave who might inflict cruel or unusual punishment upon him, but to include all descriptions of persons having the charge, management or control of slaves. To exempt overseers from the penalties of the act, upon the ground that they are not beneficially interested in, or do not own the labor of the slaves committed to their charge, would, to a great extent, defeat the benign and salutary purposes of the law. The objections urged, and mainly relied on in the argument, that it was essential that the indictment should allege that the party charged was the master, or was en-

Charlton, 151; 1 Hale, 517, 526, 535; Staunf., 130, b.; Foster, 423, 424; Hard., 2; Dyer, 304; Kelyng, 8; Com. Dig. Just. G., 1; 1 Chitty on Pl., 357; Moore, 5; 1 Leach, 264; 1 East P. C, 419; 2 Hale, 170, 180, 190, 193; 1 Eliz., c. 1, § 25; 3 Dyer, 363; 2 Lord Raym., 791; 2 Burr, 679; 1 T. R., 222; U. S. v. Lancaster, 2 McLean, 431; People v. Allen, 5 Denio, 76; Com. v. Hampton, 3 Gratt., 590; State v. Pratt, 10 La., 191.

titled, as the beneficiary or owner, to the services of the slave, is wholly without foundation.

3. The last exception, that it does not appear on which of the counts in the indictment the verdict was based, is untenable.

The verdict was general. The prisoner was found guilty, therefore, upon each of the counts in the indictment. And as neither of the counts was defective, and might, with perfect propriety, be included in the same indictment, there is no ground whatever for the objection.

Judgment affirmed.