## COLORADO CENTRAL R. R. CO. *v.* BLAKE.

3  417
4  156

Though a demurrer to a special plea is erroneously sustained, yet if under another plea in the record the same defense is available, such error is no ground for reversal; and this court will presume that such defense was interposed when nothing appears in the record to the contrary.

*Appeal from Probate Court of Arapahoe County.*

THIS was an action of trespass on the case, brought by appellee, to recover for damages sustained by the building of the appellants' railroad through Montgomery street, in the city of Denver. Appellee claims to be owner in fee of certain lots abutting on said street, in Hoyt & Robinson's addition to the city of Denver. The defendant filed a plea of not guilty and two special pleas. The second plea sets up the fee of the street in the city of Denver; permission of the city, by an ordinance duly passed, to the defendant to build and maintain its railroad through Montgomery street.

The third plea sets up fee in the city, permission of the city of Denver to the defendant to build its railroad through the street, and sets out the ordinance in full, under which the defendant claims the right to build its railroad, and alleges that the railroad was constructed in accordance with the provisions of the ordinance, and only such embankment built as was necessary to enjoy the privilege given by the ordinance.

To the second and third pleas, the plaintiff filed a general demurrer, which was sustained by the court. There was a trial by the court on the general issue, and judgment for the appellee. No bill of exceptions was preserved.

Mr. V. D. MARKHAM, for appellee.

Messrs. H. M. & W. TELLER, for appellant.

ELBERT, J.    It is not necessary to go into the question of the sufficiency of the special pleas. The defense sought to be interposed by them was equally available under the gen-

eral issue.   1 Chitty's Pleadings, 491 (14th Am. ed.); Gould's Plead. 307-8 (4th ed.) ; 1 Tidd's Practice, 651*.

The action of the court below in sustaining the demurrer could not, therefore, have prejudiced the defendant, and is no ground of reversal.   Though a court erroneously sustains a demurrer to a special plea, yet if under another plea the same defense is available, the error in sustaining the demurrer is no ground of reversal.   This is the doctrine of the cases of *Marr* v. *Wetzel*, and *Brown* v. *The People*, decided at the February term, 1876, and is supported by the current of authority.   *Ill. Cent. R. R. Co.* v. *Johnson*, 34 Ill. 393 ; *Varden* v. *Ellis*, 18 Ark. 355 ;   *Chambers Co.* v. *Clews*, 21 Wall. 317.

The ruling of the court did not deprive the defendant of its defense, nor is there any thing in the record to show but what it was given in evidence under the general issue. Nothing appearing to the contrary, it has been held that such is the presumption.   *Warren* v. *Crane*, 20 Ill. 151 ; *Ill. Cent. R. R. Co.* v. *Johnson*, 34 id. 317.

The judgment is affirmed with costs.

*Affirmed.*