STANTON COUNTY, PLAINTIFF IN ERROR, v. S. S. CAN-FIELD, DEFENDANT IN ERROR.

1. **Practice:** EXCEPTIONS. A party dissatisfied with the ruling of the district court in admitting or rejecting testimony must except to the ruling and assign the same for error in the motion for a new trial.

2. ———: ———. Errors not assigned in the motion for a new trial are waived.

3. ———: ASSIGNMENT OF ERRORS. Only such errors as were assigned in the motion for a new trial are proper to be assigned in the petition in error.

ERROR to the district court for Stanton county. Tried below before BARNES, J.

*John A. Ehrhardt,* for plaintiff in error.

*H. C. Brome,* for defendant in error.

MAXWELL, CH. J.

In November, 1879, the defendant filed a claim against Stanton county for his fees and charges in the

case of *The State of Nebraska v. Job Vandusen.* The board of county commissioners allowed him $38.15 of said claim. On appeal to the district court the defendant herein recovered the sum of $67.60. The case is brought into this court by petition in error.

The questions involved are substantially the same as in the case of *Stanton County v. Canfield,* just decided. But no exceptions were taken to the ruling of the court excluding the cross-examination of Canfield, nor was the objection made in the motion for a new trial. The rule is well settled in this court that errors not assigned in the motion for a new trial are waived. None of the assignments of error in the petition in error were assigned in the motion for a new trial. This is a fatal defect. How can it be said that the court below erred in its rulings when its attention has not been called to the alleged errors? There are no errors in the record which this court can consider.

The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.