BUTTERFIELD & CO. v. STEPHENS ET. AL.

1. **Sale:** OF PERSONAL PROPERTY: LIABILITY OF CONSIGNEE.  Where advances are made by the consignee or commission merchant on goods consigned, the consignor cannot direct a sale at his pleasure, but the consignee has the right to sell at such time as he sees proper, to the extent, and in payment, of his advances.  If, however, the consignor orders a sale, and the consignee neglects to sell, not because he has made advances, but because he is negligent, then he·cannot protect himself on the ground that he has made advances; but this in a question of fact for the jury.

2. **Practice:** EXCEPTIONS TO INSTRUCTIONS: MOTION FOR NEW TRIAL. Where instructions are excepted to at the time they are given, it is not necessary to make further exceptions to them in a motion for a new trial.  In such case, no motion for a new trial is required.  Code, § 3169.

*Appeal from Story Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiffs are commission merchants, residing in Boston, Mass., and the defendants are dealers in butter, at Nevada, Iowa.  In 1877 and 1878 the latter shipped to the former several consignments of butter to be sold on the market.  The

plaintiffs claim the defendants are indebted to them for advances, interest, and storage of the butter, to recover which this action was brought. The defendants pleaded a counterclaim, and sought to recover thereon, on the ground the plaintiffs had negligently, and in disregard of orders given them, failed to sell the butter when it should have been sold, but, on the contrary, held the same until it became comparatively worthless. Trial by jury, verdict for the defendants, and judgment. The plaintiffs appeal.

*Jas. L. Frazier* and *Brown and Dudley*, for appellants.

*F. D. Tompson*, for appellees.

SEEVERS, CH. J.—There was evidence tending to show the plaintiffs made advances on each consignment of the butter shipped to them by the defendants. They, therefore, had a special property in the butter to the extent of the money advanced.

The court instructed the jury as follows:

" 8. If the defendants at the time of the shipments or consignments of the butter directed its immediate sale, or if the usages of trade required the plaintiffs to make immediate sales upon arrival, and they (the plaintiffs) in disregard of the directions or the usages of trade, failed or neglected to make sales, if sales could be made in the market, and on their own motion stored the butter, the plaintiffs cannot recover their claim for storage, but if there was no agreement or usage of trade requiring them to make immediate sale, and the plaintiffs left to their discretion about sales, and in the matter of storage they acted as reasonably discreet business men, and as seemed to them from that standpoint to be for the best interests of the defendants, they are entitled to recover the amount actually expended for storage, and for the purpose of this trial the amount is agreed to be $60.69.

"9. If the plaintiffs, as commission merchants, undertook to receive from the defendants consignments of butter, and

sell the same for the defendants in the market, and make remittances of the proceeds, they would be held to the exercise of diligence and faithfulness in the business under orders or directions, if orders or directions were given, and if no orders or directions were given, then under the ordinary and customary usages of the business, and would be held to bring to the business in hand reasonable business capacity, and if in this case they have failed to do so, and have neglected and failed to make sales where the exercise of a reasonable business discretion would require them to make sales, and held the same for an unreasonable length of time, so that the quality and grade of the butter was greatly reduced, and it was depreciated in value, they are liable to the defendants in damages, and the measure of their recovery will be the difference between what was actually realized for the butter, and what might have been realized by a timely sale, such as would have been made by a reasonably discreet business man, under like or simular circumstances."

It will be observed the foregoing instructions make no distinction between a case where advances are or are not made. That there should be, we think, must be true. But whether so or not, the rule is, where advances are made by the consignee or commission merchant, that the consignor cannot direct a sale at his pleasure. In such a case the consignee, in the absence of an agreement, has the right to sell at such time as he sees proper, to the extent of and in payment of his advances. *Brown & Co. v. McGraw*, 14 Pet., 479; *Weed v. Adams*, 37 Conn., 378; *Howard v. Davis*, 40 Mich., 546; *Field v. Farrington*, 10 Wall., 141.

We do not understand counsel for the appellee to controvert the rule above stated, but they say there is no evidence tending to show the plaintiffs failed to sell because of the advances made, but that they held the butter because there was no sale therefor. It is evident, if the butter could not be sold at any price, the plaintiffs should not be liable because they failed to do that which was impossible. If the failure

to sell was not because of advances, and the claim now made is an afterthought, such questions should have been submitted to the jury.   In other words, if failure to sell because of advances is a mere pretence, and the same was not made, insisted upon, or relied upon at the time the directions to sell was received (if such there were), or when the plaintiffs would have otherwise been required to sell by the usages of trade, then, we think, the plaintiffs are not entitled to protection by reason of such advances.   *Weed v. Adams*, before cited.   Such questions, however, should have been submitted to the jury.

We think the instructions are erroneous.   It is said, however, no objections were made to the foregoing instructions in the motion for a new trial.   They, however, were excepted to at the time they were given.   In such case it is immaterial whether there was a motion for a new trial filed or not, and in fact none is required.   Code, § 3169.

This disposition of the case made it unnecessary to consider the motion.

REVERSED.