## DEDRIC v. HOPSON.

1. **Evidence:** RELIGIOUS BELIEF OF WITNESS. A witness cannot be required to testify to his want of belief in any religious tenet, nor to divulge his opinions upon matters of religious faith. *Searcy v. Miller*, 57 Iowa, 613, followed.

2. **Practice in Supreme Court:** BILL OF EXCEPTIONS: CORRECTION OF ERROR IN. When a bill of exceptions is signed and filed, it becomes a part of the record, and it cannot be contradicted by another certificate signed by the judge and filed as a part of an amended abstract.

3. **Practice:** BILL OF EXCEPTIONS: WHAT IT MAY INCLUDE. A party who has moved to set aside a verdict and for a new trial is not limited in a bill of exceptions to the rulings on such motion, but he may embody in his bill all objections to rulings made upon the trial, and which he has not waived.

4. **Evidence:** THE WORD "INCOMPETENT:" MEANING AND USE OF. The word "incompetent" is used to express the thought that certain evidence cannot lawfully be received, or that a witness cannot lawfully testify. It may properly be used to express the idea that a witness cannot be required to testify to certain facts, as, for example, to his religious belief; and in this case, where a witness was asked so to testify, the proceeding was properly objected to as "incompetent under the law," and the objection so stated should have been sustained.

5. **Evidence:** RELIGIOUS BELIEF OF WITNESS: HIS IMMUNITY NOT WAIVED. A witness does not waive his immunity from testifying to his religious tenets by voluntarily testifying to a part of them; and in this case, because defendant voluntarily testified to his belief in the existence of God, he did not waive his right to refuse to testify to his belief as to a conscious future state.

6. **Bill of Exceptions:** TIME OF FILING. It is not necessary that a bill of exceptions be filed within the time prescribed by statute, if it is filed within the time agreed upon by the parties.

7. **Practice in Supreme Court:** TRANSCRIPT IMMATERIAL WHERE ABSTRACTS ARE COMPLETE. Where the abstract and amended abstract present all that is required to determine the questions raised, the transcript is superfluous, and a motion to strike it from the files, because not complete, will be overruled.

8. **Appeal to Supreme Court:** PRACTICE: TRANSMISSION OF TRANSCRIPT: REGULARITY PRESUMED. A transcript found upon the files of this court will, in the absence of satisfactory evidence to the contrary, be presumed to have come here in the way prescribed by statute; and the certificate of the clerk of the lower court that he delivered the transcript to the appellant's attorneys, without more, does not furnish such evidence.

*Appeal from Muscatine Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION to recover for the breach of a contract to marry. There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts of the case involved in the questions ruled by the court appear in the opinion.

*Richman, Burk & Russell,* for appellant.

*H. J. Lander* and *W. F. Hoffman,* for appellee.

BECK, J.—I. The defendant was a witness in his own behalf. Upon his cross-examination certain questions were asked him touching his religious belief, intended to show that he did not believe in a future conscious state of existence, to which objections were made, but were overruled by the court, and the witness was required to answer the questions. The grounds of the objections to the questions, as shown by the bill of exceptions, are, that they were "incompetent under the law, and immaterial." The objections should have been sustained, upon the ground that a witness cannot be required to testify to his want of belief in any religious tenet, nor to divulge his opinions upon matters of religious faith. The precise point has heretofore been ruled by this court. *Searcy v. Miller,* 57 Iowa, 613.

*[margin note: 1. EVIDENCE: religious belief of witness.]*

II. Counsel for plaintiff insist that the objections to the evidence as shown by the bill of exceptions were not made when the testimony was given, and present a certificate of the circuit judge in an amended abstract, showing that the objections were upon the ground of immateriality of the testimony sought to be elicited, and that, under the constitution of the state, the religious belief of the witness could not be called in question. The proceedings at the trial, as certified in a bill of exceptions, cannot be contradicted by such a certificate. There must be stability and consistency in the records of the proceedings of a court. When a bill of exceptions is signed and filed, it becomes a part of the record. It is not competent for the judge to change or modify it by a contradictory written statement or certificate filed with the papers of the case. If the bill of exceptions is inaccurate, or fails to state the facts through mistake or any other cause, the law provides a way to make the proper correction. But it cannot be done by permitting the bill of exceptions to stand, and adding to the record contradictions thereof. We cannot consider the certificate of the judge refered to, or give it any force whatever.

*2. PRACTICE in supreme court: bill of exceptions: correction of error in.*

III. The defendant filed a motion to set aside the verdict and for a new trial, and subsequently "a petition for a new trial," both of which were denied. These facts are shown by an amended abstract filed by plaintiff. After the rulings upon the applications to set aside the verdict and for a new trial, the defendant presented his bill of exceptions, which was allowed and signed by the judge. It complains of and embodies objections to the ruling of the court in requiring defendant upon cross-examination to disclose his religious belief. No other objection is made therein. It was settled and signed by the judge within the time prescribed by the agreement of the parties. Counsel for plaintiff now insist that it was not competent for defendant to object to the rulings upon the evidence in his bill of exceptions,

*3. PRACTICE: bill of exceptions: what it may include.*

and that the objections therein should have been limited to the rulings upon the application for a new trial and to set aside the verdict. This position is not correct. Defendant had excepted to the rulings upon the evidence when they were made, and had in no manner waived objection thereto. His bill of exceptions was filed within the time agreed upon. It was competent for him to embody in it all grounds of objection upon which he desired a review of the case, and to waive others upon which he desired no review. This he did in the bill of exceptions. He waived the objections based upon the denial of the motions for a new trial, and he preserved his objections based upon the rulings upon objections to the cross-examination of defendant as to his religious belief.

IV. Counsel for plaintiff insist that the objection of defendant, made upon his cross-examination, stated in the first point of this opinion, were directed to the competency of the evidence, and were rightly overruled, on the ground that evidence of a witness' religious belief is competent when given in the testimony of other witnesses. It is insisted that the objection of defendant was upon the ground of the incompetency of the evidence, not upon the ground that defendant himself as a witness was required to give such evidence. This position lacks the support of facts disclosed by the record. Upon the questions being asked defendant touching his religious belief, they were objected to, in the language of the record, "as incompetent under the law." This clearly means that the questions or examination was objected to on the ground that it was not authorized by the law. It is not to be understood that the evidence under the rules of the law is inadmissible, but that the examination of the witness in the manner proposed was not authorized by law. The word "incompetency" is familiarly used to indicate the want of lawful authority or power, and that proceedings to which it is applied are contrary to law. It is used to express the thought that certain evidence can-

*4. EVIDENCE: the word "incompetent:" meaning and use of.*

not be lawfully received, or that a witness cannot lawfully testify. It would be quite properly used to express the idea that a witness could not be required to testify to certain facts. In this case it is proper to say that it was incompetent to require defendant to testify to his religious belief. This very thought was expressed by the objection to his examination. A question was asked him requiring an answer disclosing his religious belief. This was objected to as "incompetent under the law." The thought expressed by the language is that defendant could not be lawfully required to answer a question intended to·disclose his religious belief.

V.   Counsel for plaintiff insist that, if the ruling permitting the cross-examination of defendant objected to was

5. EVIDENCE: religious belief of witness : his immunity not waived.

erroneous, it was without prejudice, for the reasons that defendant answered other questions without objection, giving therein substantially the same testimony as he gave in his answers to the questions complained of now, and that his answers were not responsive to the questions. The position is not sustained by the record. The defendant answered questions, without objection, tending to show his belief in the existence of God. The questions objected to sought to elicit his disbelief in a future state of existence. The testimony in the two instances is different. While his answers to the questions objected to are evasive, yet they were doubtless understood by the jury to express disbelief in a future existence. They are capable of no other meaning.

VI.   Certain motions made by plaintiff were submitted to us with the case. In the first, the plaintiff asks the court to

6. BILL of exceptions: time of filing.

strike from the record the bill of exceptions, on the ground that it was not settled and filed within the time prescribed by law. But it shows upon its face that it was signed and filed within the time agreed upon by the parties. This is sufficient. *Harrison v. Charlton,* 42 Iowa, 573. The motion is overruled.

VII.   Plaintiff also moves in this court to strike the tran-

script, on the ground that it is not a complete transcript of all the records in the case, and was, when completed, delivered to the attorney of defendant, and was not sent by the clerk to this court in the manner prescribed by Code, section 3179.

**7. PRACTICE in supreme court: transcript immaterial when abstract complete.**

In the first place, the transcript, as shown by the abstract filed by defendant and the amended abstract filed by plaintiff, contains all that is required to present the questions raised in the case. Nothing more is necessary. Code, § 3179.

In the second place, while the certificate of the clerk of the circuit court shows that the transcript was delivered to the attorneys of the parties, it does not show that it was not sent by him, in the manner directed, to the clerk of this court. His statement of the delivery of the transcript to defendant's attorneys does not necessarily imply that he did not afterwards forward it in the manner directed by the statute to the clerk of this court. We will therefore presume that it came here in the regular way.

**8. APPEAL to supreme court: practice: transmission of transcript: regularity presumed.**

The foregoing discussion covers all questions in the case presented for our consideration. The judgment of the circuit court, for the error committed in the cross-examination of defendant, is

REVERSED.