Laoey, O. J.
The defendants in error have filed a motion to dismiss the writ of error in this cause on the ground that the record presents no question for the consideration of this court. There are 18 assignments of error, of which 2 seek to question the sufficiency of the evidence to sustain the verdict, 15 relate to alleged errors of law occurring on the trial, and 1 is based upon the decision of the court below in overruling the motion for a new trial.
It is cohtended that the bill of exceptions was not settled and signed within the proper time. Without deciding anything upon that point, we will consider other points raised as though the bill of exceptions was properly in the record, thus bringing into the record all the evidence, the instructions to the jury, and the motion for a new trial. The record does ,not show any exception to the decision upon the motion for a new trial, unless it be held that the plaintiff in error reserved such exception by merely asking time in which to prepare a general bill of exceptions. Rule 6 of this court, which has been in force a dozen years, provides that “no case will be heard in court unless a motion for a new trial shall have been made in the court below, in which all matters of error and exceptions have been presented, argued, and the motion overruled, and exception taken to the overruling of said motion. * * •” Since it is highly important that rules of practice should be settled ana fixed, this rule, having been in force so long, should still be adhered to, unless it denies some substantial right, or is so unreasonable as to require its abandonment.
The uniform ruling, both in England and in this country, seems to be that an assignment of error, based upon the alleged insufficiency of the evidence, presents nothing for the consideration of'a court of errors. A motion for a new trial is always necessary to raise that question. The practice has not been at all uniform, however, with reference to some of the questions more or less involved in the decision of this motion. It is not necessary here to review the cases, but it may be of assistance to consider certain results reached by the courts, citing only a few of the numerous cases in which these questions have been considered. At common law, after the original severity of the practice had so far relaxed as to permit a verdict to be attacked by a motion for a new trial, that motion was addressed to the discretion of the court, and a ruling upon it could not ordinarily be assigned us error in a reviewing court. But a motion for a new trial could not be made upon exceptions. Moreover, the party making the motion thereby waived all exceptions taken on the. trial.
In many of the states it is still held that a motion for a new trial is addressed to the sound discretion of the trial court, even when based upon errors of law. Final v. Backus, 18 Mich. 218; Johr v. People, 26 Mich. 427; Waters v. Waters, 26 Md. 53-73. In other states it is held that the ruling upon a motion for a new trial, when that motion is based upon errors of law, is reviewable as other questions of law, and is not matter of discretion. O’Brien v. Brady, 23 Cal. 243; Cochran v. O’Keefe, 34 Cal. 554; Voll v. Hollis, 60 Cal. 569; Nesbit v. Hines, 17 Kan. 316; Kline v. Wynne, 10 Ohio St. 223; Spooner v. Keeler, 51 N. Y.527; Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506. It is sometimes held that a party should berequired to waive exceptions before his motion for *147 a new trial is entertained. Meeker v. Boylan, 27 N. J. Law, 262. And this especially when the motion and the exceptions involve the same matters. Lee v. Tinges, 7 Md. 215; Mann v. Glover, 14 N. J. Law, 195. On the other hand, it seems to have been held that one who takes a bill oí exceptions embodying his objections to rulings on the trial, after his motion for a new trial has been overruled, thereby waives the objection based upon the denial of the motion. Klein v. Insurance Co., 13 Pa. St. 247.
In a number of states the aggrieved party may present to the reviewing court exceptions taken on the trial, without reference to whether or not a new tidal was demanded in the lower court, (Railroad Co. v. Chastine, 54 Miss. 503; Hayward v. Ormsbee, 11 Wis.3; Smith v. Gillett, 50 Ill. 290; Earp v. Railway Co., 12 Ohio St. 621; Brown v. Tolles, 7 Cal. 398; Walls v. Preston, 25 Cal. 59; Brown v. Willoughby, 5 Colo. 1 ; Butterfield v. Stephens, 59 Iowa, 596, 13 N. W. Rep. 751; Dedric v. Hopson, 62 Iowa, 562, 17 N. W. Rep. 772,) and even though a new trial was asked for the same errors, (Carpentier v. Williamson, 25 Cal. 154-167.) In other states, errors of law occurring on the trial, and not presented in a motion for a new trial in the trial court, are held to be waived. Nesbit v. Hines, 17 Kan. 316; Decker v. House, 30 Kan. 614, 1 Pac. Rep. 584; Railroad Co. v. McCartney, 1 Neb. 398; Stanton Co. v. Canfield, 10 Neb. 389, 6 N. W. Rep. 466; Detherage v. Montgomery, 4 Bush, 46; Pogue v. State, 13 Mo. 444; State v. Richardson, 77 Mo. 589; Kent v. Lawson, 12 Ind. 675; Hallock v. Iglehart, 30 Ind. 327; Edwards v. Powell, 74 Ind. 294; Steck v. Mahar, 26 Ark. 536.
Much of this diversity grows out of differences in the statutes of the several states, but it at least seems to emphasize the conclusion that nothing is involved except a mere question of practice. If this court should hold that a motion for a new trial waives exceptions to rulings on the trial, and that such motion is in ail things addressed to the discretion of the trial court, then the rule requiring such motion to be made would be a delusion, and should not be enforced. It would be taking away substantial rights, and giving instead a shadow.
Our statute concerning new trials, so far as it is applicable to errors of law, is as follows:
“ See. 3Ü6. A new trial is a re-examina-tiori in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes affecting materially the substantial rights of such party. * * * Eighth. Error of law occurring at the trial and excepted to by the party making the application. ”
• “See 308. The application fora new trial must be made at the term the verdict, report, or decision is rendered, and '* .* * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.
"Sec. 309. The application must be by motion, upon written grounds filed at the time of making themotion.” Comp. Laws, pp. 71, 72.
It seems a fair construction of this statute to hold that under it a motion for a new trial, in so far as it is based upon error of law occurring at the trial, excepted to by the party making the application, and affecting materially the substantial rights of such party, presents a question of law, and is not addressed to the discretion of the court. It is true that there may be a question of fact involved in determining the effect of the error upon substantial rights; but such question is not more involved when the error is complained of in a motion for a new trial than when it is urged as error in the reviewing court upon a bill of exceptions. In either case, although the effect of the error is incidentally considered, the question presented upon the error is properly a question of law. It results that every such error can be fully reserved for review in this court by stating it as a cause in the motion for a new trial, reserving the objection to the decision upon that motion, and assigning such decision for error in this court. The bill of exceptions is still necessary to show the existence of the grounds laid in the motion fora newtrial; and also, under our practice,to bring that motion upon the record, and to show the exception taken to the ruling upon it.
The effect of rule 6, when taken in connection with the statute, is to make the method above pointed out the only one by which errors of law occurring on the trial may be brought before this court for review. Unless complained of in the motion for a new trial, such errors are regarded as waived; neither can they be *149 separately' assigned as error, even when laid as grounds in that motion. The assignment of error must rest on the denial of the motion for a new trial. But since this method is simple and easily understood, and is capable of fully preserving every question, the rule does not deny any substantial right, nor render difficult its enforcement. Nor is it unreasonable to require that the opportunity shall be afforded the trial court to grant a new trial at once, without involving the expense and delay of an appeal to this court. See Johns v. Adams, 2 Wyo. 194. Indeed, even in the absence of any rule of court, it would seem that the statute, by providing an ample remedy in the trial court, impliedly requires that such remedy shall be exhausted before resorting to the reviewing court. Where the record does not show any exception to the decision overruling the motion for a new trial, that decision cannot be assigned for error. Taking a general bill of exceptions embodying objections to rulings at the trial is not in .itself sufficient to reserve an exception to the ruling on the motion for a new trial. Much less would such exception be reserved by an application for time within which to .prepare such general bill of exceptions. Smith v. Kahill, 17 Ill.67; Lowrie v. France, 7 Nob. 191; Henley v. McNoun, 76 Ind. 380; Vaden v. Ellis, 18 Ark. 355; Scott v. State, 31 Miss. 473; Railroad Co. v. Chastine, 54 Miss. 503.
The conclusion is that the record presents nothing for our consideration, and the motion to dismiss the writ is therefore sustained.
All the judges concurring.