## E. L. GATES *v.* THE STATE.

1. INDICTMENT. *Defects. Motion to quash. Code 1892, § 1354.*

   Objection to an indictment for defects apparent on its face must be made by demurrer, not by motion to quash. Code 1892, § 1354.

2. SAME. *Several counts. General demurrer.*

   A general demurrer to an indictment containing several counts must be overruled if one count be good.

3. SAME. *Election between counts. Discretion. Error.*

   Refusal to compel the state to elect upon which of several counts in an indictment it will proceed, being within the discretion of the court, will not cause a reversal where it does not appear that accused was prejudiced. *Hemingway* v. *State*, 68 Miss., 371.

4. FORGERY. *Indictment. Person defrauded. Certainty.*

   An indictment for forgery, naming a bank as the person intended to be defrauded, without averring it to be a corporation, if insufficient as to this, is not demurrable if it avers an intent to defraud the bank and a natural person whose name is given.

5. INDICTMENT. *Defective count. General verdict.*

   If an indictment contained one good count, and the evidence sustains a conviction under it, a general verdict of guilty will not be disturbed because other counts in the indictment are defective. *Scott* v. *State*, 31 Miss., 473.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

The indictment against appellant contains two counts, one for forgery of a bank check on the First National Bank of Tupelo, Mississippi, purporting to have been signed by W. X. Wilson, the other count being for uttering such forged instrument. Both counts aver a felonious intent to injure and defraud the said W. X. Wilson and the said bank.

Accused moved to quash the indictment, on the grounds, mainly, that it charged two separate, distinct felonies; that

in each count it alleged an intent to defraud two persons; and that it failed to aver that the bank was a corporation. This motion was overruled, whereupon accused moved that the state be required to elect upon which count it would proceed, and this motion was likewise refused.

There was a general verdict of guilty, and from a sentence to three years' imprisonment in the penitentiary defendant, after motion in arrest and for a new trial overruled, appeals.

*Clarke & Clarke,* for appellant.

1. There was an improper joinder of counts. The two offenses are distinct. Code 1892, §§ 1106, 1111.

2. The court should not refuse to notice the objection to the indictment because it is styled motion to quash instead of demurrer.

3. The indictment is defective in averring an intent to defraud the bank and Wilson. See *Cunningham* v. *State,* 49 Miss., 685; *Morris* v. *State,* 8 Smed. & M., 762; *Murphy* v. *State* (R. I.), Lawyer's Rep. An., 550.

4. If the person alleged to be the one intended to be defrauded is an artificial person, this must be averred. Code 1892, § 1116.

5. The second count does not charge that the uttering was knowingly done.

*Frank Johnston,* attorney-general, for the state.

It is immaterial whether the bank was incorporated. This does not enter into the definition of the offense, which consists of the forgery of a check in the name of Wilson on the bank. It is within the discretion of the court to compel an election between counts. *Hemingway* v. *State,* 68 Miss., 371; *Sarah* v. *State,* 28 *Ib.,* 267; *Wash* v. *State,* 14 Smed. & M., 120.

COOPER, J., delivered the opinion of the court.

The motion to quash the indictment was properly overruled. Objections to an indictment for defects appearing on

the face thereof must be taken " by demurrer, and not otherwise." Code, § 1354.

If we should consider the motion to quash as though it were a demurrer, as urged by counsel to do, no different result would follow, for, as a demurrer, it should be overruled, because it goes to the whole indictment, and since one count thereof is confessedly good, the demurrer is too broad, and, for that reason, could not be sustained.

Whether the state shall be required to elect upon which of several counts of an indictment it will proceed is a matter that rests within the discretion of the trial court, and where, as here, it appears that the defendant was not prejudiced by the refusal of the court to compel an election, such refusal is not available as error. *Hemingway* v. *The State*, 68 Miss., 371.

If the indictment would have been bad had it contained the name only of the First National Bank as the person intended to be defrauded, because of the want of an averment that the bank was an incorporation, it is protected from attack on this ground by the averment that the intent was to defraud the bank and W. X. Wilson. Bishop's Dir. and Forms, § 457; 2 Bishop's Cr. Proc., § 425.

The second count of the indictment is defective, in that it fails to charge that the forged instrument was " knowingly " uttered by the defendant. But a general verdict of guilty upon an indictment containing one good count will not be disturbed because of another defective count in the indictment if the evidence supports a conviction on the good count. *Miller* v. *The State*, 5 How., 250 ; *Scott* v. *The State*, 31 Miss., 473 ; *Wash* v. *The State*, 14 Smed. & M., 120.

We find no error in the action of the court in its rulings upon the competency of evidence or in the instructions, and

*The judgment is affirmed.*