VOGT, Appellant, v. NELSON and others, Respondents.

*No. 632. Decided June 16, 1975.*
(Also reported in 230 N. W. 2d 123.)

For the appellant the cause was submitted on the brief of *Lichtsinn, Dede, Haensel & von Bereghy, S. C.,* of Milwaukee.

For the respondents: *Brady, Pochefsky & Sullivan* of Milwaukee.

WILKIE, C. J. The appellant has moved for discretionary reversal as of course under sec. (Rule) 251.57, Stats., because the respondents' brief is late. The appellant is the plaintiff in an action for fraudulent misrepresentation on the mileage on a used car which he bought from the defendants. The complaint included a prayer for treble damages and actual attorney's fees as provided by Title IV, sec. 409, of the Motor Vehicle Information and Cost Savings Act, Pub. L. 92–513, 86 Stats. 963, 15 U. S. Code, sec. 1989 (a).

The case was tried to a jury, which returned a special verdict finding that defendant James Bisbee represented the odometer reading on the car was 32,890 miles; that the representation was untrue; and that Bisbee made the representation knowing it was untrue or in reckless disregard of its truth. The jury also decided that the representation was made with intent to deceive and induce the plaintiff to act upon it and that the plaintiff did believe the representation and justifiably relied on it. The jury fixed the plaintiff's damages at $750.

Defendants moved for a new trial, and plaintiff moved for a judgment for treble damages and his attorney's fees, characterizing the motion as one for judgment on the verdict. The trial court granted judgment for $750 and costs, reasoning that the liabilities created by the federal act were not enforceable in state court. Plaintiff's appeal in this case is designed to test that ruling.

A motion for reversal as of course under sec. (Rule) 251.57, Stats., is directed to the discretion of this court. Where the issue is one of public concern we will not invoke the rule. Rather, the case will be disposed of by an opinion discussing the issues presented.[1] Moreover, such a disposition may be an affirmance rather than a reversal.[2] The question decided by the trial court in this case is a matter of public concern. Therefore, we will not exercise our power of discretionary reversal.

The trial court erred in ruling that the remedies provided by the federal act were not enforceable in state courts. The act provides that an action to enforce the liabilities created may be brought in United States District Court without regard to the amount in controversy, "or in any other court of competent jurisdiction," within two years from the date of liability.[3] The original juris-

---

[1] *Madison v. Pierce* (1954), 266 Wis. 303, 62 N. W. 2d 910.

[2] *State ex rel. Doering v. Doering* (1954), 267 Wis. 12, 64 N. W. 2d 240.

[3] 15 U. S. Code, sec. 1989 (b).

diction of the circuit court includes the power to hear and determine all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court.[4] State courts are bound to entertain actions to enforce liabilities created by federal law unless prohibited by an act of Congress.[5] We conclude the circuit court is a court of competent jurisdiction under state law and is not precluded by an act of Congress from enforcing the liabilities created by the Motor Vehicle Information and Cost Savings Act. Having so concluded, we turn to the question whether plaintiff should have been awarded treble damages and his actual attorney's fees on his motion for judgment on the verdict.

The record in this case contains no transcript. Only the complaint, the jury's verdict, the trial court's decision on motions after verdict, and the judgment are available for review. The complaint alleges that the plaintiff purchased an automobile from defendant Caroll Nelson and:

"That at and prior to the time of such purchase defendants, Caroll Nelson and James Bisbee, as her employee and salesman, falsely and fraudulently represented to plaintiff that the mileage actually travelled by said Buick automobile was less than 33,000 miles; . . .

". . . that defendants made said representation with knowledge that the same was false in that the mileage travelled by said Buick was over 135,000 miles; that the odometer had been altered with intent to change the number of miles indicated thereon, and that defendants made said representation with the intent that plaintiff as purchaser rely thereon."

The first question of the special verdict inquired:

"Did the defendant, James Bisbee, make the representation of fact as to the odometer reading, 32,890 miles, at the time and date of the sale of the Buick Electra?"

---

[4] Sec. 252.03, Stats.

[5] *Clafin v. Houseman* (1876), 93 U. S. 130, 23 L. Ed. 833.

The jury answered this question in the affirmative.

Neither the complaint nor the critical question of the special verdict set forth the elements of an action for treble damages under the federal act. The act provides treble damages and actual attorney's fees is the liability of[6] "Any person who, with intent to defraud, violates any requirement imposed under this subchapter . . . ." There are two requirements of the subchapter which have any arguable connection to this lawsuit. The first is a provision prohibiting any person or his agent from altering the odometer of a motor vehicle with intent to change the number of miles indicated thereon.[7] The second is the disclosure requirement under which a written disclosure of the car's mileage must be given to the transferee in connection with transfer of ownership, and a transferor may not knowingly give a false statement to a transferee in making such a disclosure.[8]

No question was submitted to the jury as to whether the defendants altered the odometer. The jury by its special verdict found that the defendant Bisbee did misrepresent that the odometer reading was accurate and

[6] 15 U. S. Code, sec. 1989 (a).

[7] 15 U. S. Code, sec. 1984.

[8] 15 U. S. Code, sec. 1988 (a) directs the Secretary of Transportation to prescribe rules requiring any transferor of a motor vehicle to give written disclosure of the car's mileage to the transferee in connection with the transfer of ownership. The rules required in sec. 1988 (a) are published in 49 CFR, sec. 580.4. They provide that:

"(a) Before executing any transfer of ownership document, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:

"(1) The odometer reading at the time of transfer; . . .

"(4) . . . (c) . . . if the transferor knows that the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the actual mileage is unknown."

that this misrepresentation was made at the time and day of the sale. However, there is nothing from the jury verdict by which it can be inferred that this statement was made in writing as part of the written disclosure required by the federal rules. It is a question unanswered by the record on appeal whether any written disclosure was made at all. If no written disclosure was made, and this was done with intent to defraud, the treble damage provisions of the federal act would be applicable. However, if such was the case, it was the plaintiff's burden to plead and prove it.

The jury verdict in this case is consistent with a common-law fraud action, but not with an action for treble damages under the Motor Vehicle Information and Cost Savings Act. Therefore, the plaintiff was not entitled to the remedies provided by the federal act on his motion for judgment on the verdict.

*By the Court.*—Judgment affirmed.