CHRISTIANSON, d/b/a Bud's Sales & Service, Plaintiff-Respondent, v. LEASE ASSOCIATES, INC., and another, Defendants-Appellants.

Court of Appeals

*No. 77–527. Argued October 25, 1978.—Decided December 7, 1978.*
(Also reported in 273 N.W.2d 776.)

124

For the plaintiff-respondents there were briefs and oral argument by *Jeffrey F. Snyder,* of *Remley, Sensenbrenner, Stein, Cummings & Snyder, S. C.* of Neenah, Wisconsin.

For the defendants-appellants there were briefs and oral argument by *Francis X. Krembs,* of *Kenney, Krembs, Fellows and Wolfe,* with whom on the brief was *Joel S. Lee,* of Milwaukee.

Before Decker, C.J., Cannon, P.J. and Robert W. Hansen, Reserve Judge.

CANNON, P.J. The appellants appeal from a judgment awarding the plaintiff, Christianson, treble damages, attorneys' fees and allowable costs and disbursements pursuant to 15 U.S.C. §1989a for falsifying an automobile odometer statement. We find no error.

On October 29, 1974, Christianson purchased three cars including a 1973 Ford Thunderbird, from the appellant, Lease Associates. The appellant gave Christianson a written odometer statement, as required by 15 U.S.C. §1988a, showing the car had traveled 41,475 miles.

A subsequent examination of the Thunderbird odometer made by Christianson in the presence of an inspector for the Wisconsin Department of Motor Vehicles revealed the first digit of the odometer was chipped. Christianson later learned that the Thunderbird had been repaired at Jack White Ford seven months before he bought the car, and at that time the odometer reflected the mileage of 51,413.

Christianson subsequently brought an action under the Motor Vehicle Information and Cost Savings Act (MVICS),[1] 15 U.S.C. §1989 to recover damages from the appellant. The jury found the odometer statement given by the appellant was a false statement and given with reckless disregard of the truth. Christianson was awarded treble damages and other damages. Appellants appeal from the verdict and award.

Three questions are considered on appeal:

1. Was there sufficient credible evidence adduced at trial to support the jury's verdict?

2. Did the trial court err by allowing evidence regarding discrepancies in other odometer statements issued by the appellants?

3. Did the trial court err by not giving Wis. JI—Civil 2405 to the jury?

---

[1] §1984 It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

§1988b It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

§1989a Any person who, with *intent to defraud,* violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court. [Emphasis supplied.]

## SUFFICIENCY OF EVIDENCE

"When there is credible evidence which under any reasonable view fairly admits of an inference which is sufficient to support the jury's findings, the findings should not be changed." *Toulon v. Nagle,* 67 Wis.2d 233, 242, 226 N.W.2d 480 (1975). Appellants argue there was no showing at trial that the appellants "knowingly gave Christianson a false statement intending to defraud him," and therefore the evidence was insufficient to support a conviction. We disagree.

The purpose of the MVICS Act "is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts." *Delay v. Hearn Ford,* 373 F. Supp. 791, 796 (D.S.C. 1974). Chapter 15 U.S.C. §1989b provides: "An action to enforce any liability created under subsection (a) . . . may be brought in United States District Court . . . or in any other court of competent jurisdiction." The Wisconsin Supreme Court has held that a Wisconsin circuit court has proper jurisdiction to hear a case brought pursuant to the MVICS Act. *Vogt v. Nelson,* 69 Wis.2d 125, 128, 230 N.W.2d 123 (1975).

The MVICS Act does not specify whether the "intent to defraud" requirement in §1989a may only be proven by showing actual knowledge by the seller that an odometer statement is false. In *Mataya v. Behm Motors, Inc.,* 409 F. Supp. 65, 69–70 (E.D. Wis. 1976), the court in *dicta* found that actual knowledge was required. The opposite result was reached in another federal case, *Pepp v. Superior Pontiac GMC, Inc.,* 412 F. Supp. 1053, 1055 (E.D. La. 1976), in which the court held that a showing of negligence, particularly gross negligence, may sustain an inference of "intent to defraud."

The issue was thoroughly discussed in *Jones v. Fenton Ford, Inc.*, 427 F. Supp. 1328 (Conn. 1977). In that case the plaintiff purchased a used auto and received an odometer statement which he found to be incorrect. By the facts shown at trial, the court was faced with the question of whether:

[A]n automobile dealership may be held liable under the Act—which requires an "intent to defraud" in a civil action for damages—if it has not been proved that the defendant acted with actual knowledge. *Id*. at 1332.

In resolving this issue the court found that the intent of Congress in promulgating the MVICS Act was "to impose an affirmative duty upon dealers to detect" odometer irregularities. *See* [1972] 3 U.S. Code Cong. & Ad. News 3971; *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (Neb. 1977). It found that to require actual knowledge "would tend to nullify the effectiveness of the private treble damages remedy which Congress included in the MVICS Act." *Jones, supra* at 1333. The court determined that the "intent to defraud" language of §1989a did not require a showing of actual knowledge, and concluded by finding that if the representation regarding the mileage on the odometer was shown to have been made with reckless disregard of the truth, then the "intent to defraud" requirement would be satisfied. *Jones, supra* at 1336. *Accord, Duval, supra* at 1387; *Clayton v. McCary*, 426 F. Supp. 248, 258 (N.E., E.D. Ohio 1976) ; *Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F. Supp. 889, 893 (W.D. Penn. 1977).

We find the reasoning of the court to be a correct interpretation of the MVICS Act. The "reckless disregard" standard promulgated by the court in *Jones* is adopted in Wisconsin.

In *Delay, supra* at 796, the court held:

All that is required of a purchaser before recovery will be allowed is that a change in the odometer reading has occurred and that the seller has failed to disclose the change.

*Also see Clayton, supra* at 258–59. Evidence admitted in the instant matter at trial showed that the plaintiff had been given a written odometer statement showing the car had traveled 41,475 miles, the odometer on the car had read 51,413 miles seven months before the sale and that the first digit on the odometer had been chipped. The appellants concede that intent to defraud may be inferred from all the surrounding facts and circumstances. We hold that the jury had sufficient facts before it to find that the appellants issued an odometer statement to Christianson in reckless disregard for the truth, and that sufficient credible evidence was adduced at trial for the jury to find the appellants violated 15 U.S.C. § 1989.

## EVIDENCE

The appellants next contend that the trial court erred by permitting the introduction of evidence concerning a discrepancy in two odometer statements made out by the appellant on a Chevrolet Caprice he sold to Christianson on the same date Christianson bought the Thunderbird. The trial court originally ruled, pursuant to sec. 904.04 (2),[2] Stats., to preclude introduction of this evidence because of its prejudicial nature. However, the court later found that part of the appellant's defense rested on a claim that the errant odometer statement given on the

---

[2] (2) **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Thunderbird might have been a clerical "mistake" by the person who drew up the statement. As such, the trial court found that the evidence of the two contradictory odometer statements issued by the appellants on the Caprice could be introduced to show the absence of a mistake by the appellants on the Thunderbird odometer statement. In these circumstances, we hold that ruling was entirely proper under sec. 904.04(2), Stats.

### DAMAGES

The appellants contend it was error for the trial court not to instruct the jury on Wis. JI—Civil 2405[3] which applies the Wisconsin benefit-of-the-bargain rule for damages due to fraud. *See Anderson v. Tri-State Home Improvement Co.*, 268 Wis. 455, 67 N.W.2d 853 (1955).

While Wisconsin uses the benefit-of-the-bargain rule, evidence of out-of-pocket damages, or the actual loss sustained by a defrauded party, may be admissible if relevant. *Harweger v. Wilcox*, 16 Wis.2d 526, 534, 114 N.W. 2d 818 (1962). In its instruction to the jury regarding damages, the trial court advised it to consider (p. 513):

What is the difference between the contract price, what the Defendant had agreed to pay for the goods, and the fair market value of the goods at the time and place where it was delivered. Fair market value is the sum of money which the goods would have brought if sold by the owner willing but not required to sell to the buyer willing but not required to buy in the condition

---

[3] That instruction provides in part:

In answer to the question of damages, you will name such sum as you find will fairly and reasonably represent the difference between the fair market value of the property in the condition and state it was in when purchased or exchanged and the fair market value of the property if it had been as it was represented to be.

alleged. You may also consider incidental damages, if any. Incidental damages include any commercially reasonable charges, expenses that the Plaintiff seller incurred in transporting or repairing the car as the result of the Defendants' false representation found by you. You may also consider what is the profit which the seller would have made from the actual performance by the buyer in accordance with the allegation.

This instruction was based primarily on the benefit-of-the-bargain rule, but allowed consideration of out-of-pocket expenses also. We find the instruction not only proper under Wisconsin law, and manifesting the intent of the federal statute, but absolutely necessary to properly compensate the plaintiff for his financial injury due to the appellants' acts.

Appellants finally assert that Wis. JI—Civil 315, dealing with negative testimony, should not have been given by the trial court, and that a new trial should be granted in the interest of justice. Neither contention is credible. We uphold judgment of the trial court.

We note that 15 U.S.C. §§1984 and 1988b were amended by the Congress in 1976. The amendments have no affect on an offense occurring in 1974 and thus have no affect on this opinion.

*By the Court.*—Affirmed.