William W. HARDEN and Karen L. Harden, husband and wife, Appellants (Plaintiffs),

v.

GREGORY MOTORS, Appellee (Defendant),

Wayne Hudson, d/b/a Wyoming Auto Wholesalers, added per Amended Complaint 9/8/83; James Huffman; and Alan Gregory, (Defendants).

No. 84–119.

Supreme Court of Wyoming.

March 5, 1985.

William W. Harden, Casper, for appellants (plaintiffs).

Donald E. Chapin, Casper, for appellee (defendant).

Before THOMAS, C.J., ROONEY, BROWN and CARDINE, JJ., and ARTHUR T. HANSCUM, District Judge.

ARTHUR T. HANSCUM, District Judge.

This appeal is from a summary judgment against appellants, William and Karen Harden, in a transaction involving their purchase of a vehicle. Appellants' immediate transferor had tampered with the odometer reading on the vehicle. Appellants were granted summary judgment against their immediate transferor from which no appeal has been taken. A summary judgment was, however, granted against appellants in favor of appellee, Gregory Motors, an automobile dealership in the chain of title to the vehicle, but not the immediate transferor to appellants. It is from this summary judgment absolving

the appellee-dealership from liability that this appeal is taken.

We will reverse.

## INTRODUCTION

This is a unique case in this jurisdiction. The civil action in the District Court was commenced by appellants with the filing of a complaint under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 (referred to herein as MVICS). This federal legislation was enacted to prohibit tampering with odometers on motor vehicles, and to compensate persons victimized by such tampering. MVICS imposes civil liability on persons who violate the provisions of the law and offers civil remedies for victims in the form of treble damages, costs and attorney's fees. In order to apply this law to the facts of this case, it is necessary to trace the chain of title to the vehicle purchased by appellants and to review the odometer mileage statements required by MVICS which were signed by transferors along the chain of title.

## FACTS

On December 2, 1982, appellants contacted Ray Sutton, a mechanic employed by appellee, Gregory Motors. Appellants expressed an interest in obtaining a low mileage, late model Jeep Wagoneer. Sutton informed appellants that he knew of such a vehicle and arranged for appellants to see the vehicle later in the day. Appellants arrived at Gregory Motors' place of business and contacted Sutton who introduced appellants to one Wayne Hudson. Hudson was an independent automobile wholesaler who conducted business under the name "Wyoming Auto Wholesalers." He also had served previously as Gregory Motors' sales manager. Hudson directed appellants to a grey, 1980 Jeep Wagoneer which was parked on Gregory Motors' sales lot. Appellants inspected the vehicle and observed that it had approximately 36,000 miles showing on the odometer. After a test drive and an inspection by Sutton, ap-

pellants agreed to purchase the vehicle for the sum of $6,000.00.

It was agreed that appellants would return the next day to permit Sutton to perform some minor repair work. The agreement was to be finalized and delivery to be taken by appellants on the next day, December 3, 1982.

Events transpired rather quickly on December 3, 1982. As the day commenced, title to the vehicle was vested in Gregory Motors which had received title and possession of the vehicle from Precision Motors on or about November 26, 1982. Then, three transfers of title occurred:

(1) Gregory Motors, by its sales manager, Alan Gregory, transferred title to the vehicle to one James Huffman.[1] Title was filed at 11:54 a.m.

(2) Huffman transferred title to Hudson. Title was filed at 12:31 p.m.

(3) Hudson transferred title to appellants in exchange for a cashier's check in the sum of $6,000.00. Title was filed at 3:58 p.m.

When Gregory Motors acquired title, a statement was signed by Precision Motors stating a mileage of approximately 96,500 miles, which accurately represented the reading on the odometer and the number of miles the vehicle had been driven. Sometime during Gregory Motors' possession and ownership, and prior to appellants' initial inspection of the vehicle on December 2, 1982, Hudson rolled back the odometer to read just under 37,000 miles.[2]

At the time Gregory Motors transferred title to Huffman, Alan Gregory signed an odometer mileage statement which certified that the odometer on the vehicle "now reads 96,475 miles."[3] Obviously, because of Hudson's intervention, it did not.

1. Huffman has no significant role in the chain of title, having apparently served only in the capacity of a middleman. He held title for 37 minutes.

2. This is a fact he later admitted on deposition.

3. The Motor Vehicle Information and Cost Savings Act prescribes certain certifications on the odometer mileage statement. A prescribed form is utilized in virtually all transfers. The Alan Gregory certification read as follows:

"ODOMETER MILEAGE STATEMENT
\* \* \* \* \*

"I, <u>Gregory Motors</u> state that the odometer on the vehicle described below now
 SELLER OR TRANSFEROR'S NAME (PRINT)
reads <u>96,475</u> miles/kilometers.

"(Check one box only)
" <u>X</u> I hereby certify that to the best of my knowledge the odometer reading as stated above reflects the actual mileage of the vehicle described below.
"____ I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of designed mechanical odometer limit of 99,999 miles/kilometers of the vehicle described below.
"____ I hereby certify that to the best of my knowledge the odometer reading as stated above is NOT the actual mileage of vehicle stated below, and should not be relied upon.

| "MAKE Jeep | MODEL 15 | BODY TYPE Van |
|---|---|---|
| VEHICLE IDENTIFICATION NUMBER JOD15NN003452 | | YEAR 1980 |

"(Check one box only)
" <u>X</u> I hereby certify that the odometer of said vehicle was not altered, set back, or disconnected while in my possession, and I have no knowledge of anyone alse doing so.

"____ I hereby certify that the odometer was altered for repair or replacement purposes while in my possession, and that the mileage registered on the repaired or replacement odometer is identical to that before such service.

"____ I hereby certify that the odometer was altered for repair or replacement purposes while in my possession, and that the repaired or replacement odometer was incapable of registering the same mileage, that it was reset to zero, and that the mileage on the original odometer or the odometer before repair was _____ miles/kilometers.

No one from Gregory Motors went out to the vehicle and actually observed the odometer reading at the time the odometer mileage statement was signed. For some reason, too, the transferee on the statement was listed as Wyoming Auto Wholesalers instead of Huffman, the transferee on the title.[4] No odometer mileage was given by Huffman to Hudson. Finally, Hudson signed an odometer statement on the prescribed form in which he certified to appellants that the odometer reading on the vehicle "now reads 36,859 miles." And it did—that certification was truthful. Unfortunately, he checked other boxes which departed from the truth such that a summary judgment was properly awarded against him.

Subsequently, the Federal Bureau of Investigation notified appellants that the odometer on the vehicle had been rolled back. Suit was brought under MVICS and summary judgments were entered. It is against the backdrop of MVICS that the propriety of the summary judgment in favor of Gregory Motors must be evaluated.

## THE LAW OF SUMMARY JUDGMENT

It is unnecessary to extensively review the duty of an appellate court on review of summary judgments. This court has recently had the occasion to consider the law of summary judgment in various factual contexts. In *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334, 336 (1983), the court outlined the requisite elements which must be considered on review:

"The moving party is entitled to summary judgment when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), W.R.C.P.; *Lafferty v. Nickel*, Wyo., 663 P.2d 168 (1983). Furthermore, the party moving for summary judgment has the burden of showing that there is no genuine issue of material fact. *Timmons v. Reed*, Wyo., 569 P.2d 112, 121 (1977). A material fact is one with legal significance which would affect the outcome of litigation. Thus,

' * * * a determination, as to whether or not a fact is material, depends greatly upon the principle of law to be applied.' *Timmons v. Reed*, supra, 569 P.2d at 117."

In this action the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991, is the principle of law to be applied to the material facts of this case. MVICS affords a civil action to purchasers to enforce liability for violations of the requirements of the law and provides a specific remedy for damages to the aggrieved purchaser. 15 U.S.C. § 1989(a). The action may be brought in any United States district court or "in any other court of competent jurisdiction...." 15 U.S.C. § 1989. It has been held that state courts of general jurisdiction have the power to entertain suits and award damages for violations of the MVICS. *Christianson v.*

| "1743 E. Yellowstone | Casper | Wyo | 82601 |
|---|---|---|---|
| (SELLER OR TRANSFEROR'S ADDRESS) | CITY | STATE | ZIP |
| x/s/ Alan Gregory | | | 12/3/82 |
| (SELLER OR TRANSFEROR'S SIGNATURE) | DATE OF THIS STATEMENT | | |
| "Wyo. Auto Wholesale | | | |
| BUYER OR TRANSFEREE'S NAME | | | |
| P.O. Box 9753 | Casper | | 82609 |
| BUYER OR TRANSFEREE'S ADDRESS | CITY | STATE | ZIP |

"Receipt of a copy of this statement is hereby acknowledged x/s/ Wayne Hudson

"BUYERS OR TRANSFEREE'S SIGNATURE"

---

**4.** This represents a technical violation of MVICS and contraindicates the instructions on the prescribed form.

*Lease Associates, Inc.*, 87 Wis.2d 123, 273 N.W.2d 776 (1978) and *Vogt v. Nelson*, 69 Wis.2d 125, 230 N.W.2d 123 (1975).

MVICS defines a number of violations for which civil actions may be brought to enforce liability to recover damages.

It provides:

"No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon." 15 U.S.C. § 1984.

And further,

"No person shall conspire with any other person to violate section ... 1984 ...." 15 U.S.C. § 1986.

MVICS also provides for rules governing persons who transfer vehicles:

"No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule." 15 U.S.C. § 1988(b).

 MVICS's remedy provision requires a showing of "intent to defraud." 15 U.S.C. § 1989(a). Accordingly, the element of intent is a requisite showing by the person who seeks recovery. It has been ruled that intent to defraud an ultimate purchaser under the MVICS is a factual determination. *Ryan v. Edwards*, 592 F.2d 756 (4th Cir.1979). Furthermore in *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328 (D.C.Conn.1977), the court held that "intent to defraud" did not require a showing of actual knowledge. Rather, the intent to defraud requirement could be satisfied by a showing that the representation regarding the mileage on the odometer was made with reckless disregard of the truth.

Similarly, in *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978), the court stated:

"... [A] transferor who lacked actual knowledge [of accuracy of odometer reading] may still be found to have intended to defraud and thus may be civilly liable for a failure to disclose that a vehicle's actual mileage is unknown. A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence." (Footnote omitted.)

In *Jones v. Fenton Ford, Inc.*, supra, 427 F.Supp. at 1336, the defendant defended on the basis of his certification on the odometer mileage statement that to the best of his knowledge the odometer was correct. The court ruled that such a statement was:

"... false and misleading, and that these representations were made with actual knowledge of their falsity, or with such reckless disregard of the truth as to satisfy the 'intent to defraud' requirement in § 409 MVICS Act, 15 U.S.C. § 1989(a). This leaves only the question of damages to consider."

In this case, the employee of Gregory Motors, Alan Gregory, admitted he did not check the odometer on the vehicle itself at the time that he signed the odometer statement in which he attested to what the odometer "now reads." The question arises whether such a failure could constitute the type of reckless disregard of the truth from which a jury could find the inference of an "intent to defraud."

While summary judgment was granted in favor of appellants against the principal culprit, Wayne Hudson, can it be said that there is no material factual scenario which would trigger liability on the part of Gregory Motors? The trial court found none.[5]

 Yet there appear to be several factual questions involving Gregory Motors

---

**5.** It should be noted that the trial judge apparently issued a Decision Letter reflecting findings which were mentioned in the summary judgment. By the terms of the summary judgment, the Decision Letter was incorporated into the judgment. Regrettably, the trial court's Decision Letter was not included in the record on appeal. Accordingly, it is unfortunate that this court does not have the benefit of the trial court's findings, especially on the issue of intent to defraud by Gregory Motors.

which remain viable for determination by the trier of fact. Did Alan Gregory, as agent for Gregory Motors, know at the time he signed the odometer statement that the odometer had been rolled back? Was Gregory Motors the owner of the vehicle at the time the odometer was rolled back; thus, when coupled with Gregory Motors' failure to actually observe the automobile at the time the odometer statement was signed, could an inference of intent to defraud be drawn by the trier of fact? Are there other MVICS violations by Gregory Motors which give rise to civil liability to appellants? A mixed question of fact and law arises: May appellants as subsequent purchasers who ultimately received title avail themselves of a direct action against Gregory Motors for the alleged failure of Gregory Motors, its agent or employees, to comply with the odometer law despite the lack of privity between the appellants and the prior transferee?

We think that the trier of fact should decide the questions after a full evidentiary exploration.

## MOTION FOR NEW TRIAL

In this appeal, appellee cites a variety of cases to stand for the proposition that the issues raised by the appellants on appeal are not properly before the court for the reason that they were not raised for consideration by the district court in appellants' motion for new trial. Such cases predated the promulgation of the Wyoming Rules of Civil Procedure, i.e. *United States v. Trabing*, 3 Wyo. 144, 6 P. 721 (1885) and *Chicago, B. & Q. R. Co. v. Lampman*, 18 Wyo. 106, 104 P. 533 (1909). Appellee cites *Murphy v. W. & W. Live Stock Co.*, 26 Wyo. 455, 187 P. 187 (1920), for the proposition that: "Errors not presented by motion for new trial are not reviewable." Appellee, Gregory Motors, also cites more recent cases which interpret the Wyoming Rules of Appellate Procedure to reaffirm the fundamental concept. In *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121, 125 (1983), it is stated:

"... As a general rule of appellate procedure, we refuse to consider issues not raised in the trial court unless they go to jurisdiction or a fundamental right...." Citing *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981).

We agree that the fundamental principles remain viable. We also agree with the general proposition that the district court should have an opportunity to review its decisions on the basis of a motion for new trial from asserted errors of law, thereby affording the district court the opportunity to correct errors which may be brought to its attention prior to the prospect of an appeal. Thus, in the event an error is brought to the trial court's attention and recognized, the prospect of an appeal with attendant costs and delays would be negated. However, this general proposition does not apply in the case of a grant of summary judgment, in which instance a motion for new trial is not necessary to preserve the issues for an appeal. In *Wyoming Insurance Department v. Sierra Life Insurance Company*, Wyo., 599 P.2d 1360, 1362–1363 (1979), we said:

"... Summary judgment, on the other hand, requires that the court consider the merits of the cause of action. We, therefore, find that after summary judgment is granted and an order filed the judgment is final and appealable. No subsequent motion under Rule 60(b) W.R.C.P., is required. Rule 1.05 W.R.A.P.; *Bank of America National T. & S. Ass'n v. Superior Court*, 4 Cal.App.3d 435, 84 Cal.Rptr. 421, 424 (1970)."

In this case, appellants did file a motion for new trial alleging errors of law. Appellants alleged that the trial court erred by allowing the filing of depositions at the date of hearing over appellants' objection. Appellants objected to the trial court entertaining the filing of additional depositions for consideration by the court in ruling on the pending motion for summary judgment. In this respect, appellants are correct. The evidence to be considered at a summary judgment motion must be *on file* at some time prior to the hearing in accordance

with Rule 56(c), Wyoming Rules of Civil Procedure, which states:

"... The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law..."

The rules allow the court to permit the filing of supplemental affidavits, additional depositions and answers to interrogatories Rule 56(e), W.R.C.P.). In this case, the trial court heard the summary judgment motion, took it under advisement, on its own motion ordered the filing of additional depositions and, over the objections of appellants, ruled on summary judgment without further notice or hearing. The propriety of this particular procedure has not been tested by this court, although several cases have touched on this general area of the law.

In *Larsen v. Roberts*, Wyo., 676 P.2d 1046 (1984), this court held that an affidavit filed on the date of the hearing on summary judgment is untimely and may not be considered by the court unless a request to enlarge the time for filing of additional affidavits is made prior to the hearing date. Under Rule 6(b), W.R.C.P., a court may exercise discretion to permit or deny the request only if the request is timely made. *DeHerrera v. Memorial Hospital of Carbon County*, Wyo., 590 P.2d 1342, 1344 (1979). Here, since no request was timely made and no affidavit for continuance was filed under Rule 56(f), W.R.C.P., the basis for the additional filing must be found in Rule 56(e), W.R.C.P., which enables the court to permit supplemental filings. This is properly within the discretion of the trial judge as this court recognized in *DeHerrera v. Memorial Hospital of Carbon County*, supra, at 1344, wherein it was stated:

"... and it is likewise [by virtue of the discretion of the trial judge] when supplemental or additional affidavits are allowed under Rule 56(e), W.R.C.P., once affidavits are properly submitted."

Finally, in *Harris v. Grizzle*, Wyo., 625 P.2d 747, 750 (1981), this court impliedly approved of the trial court's exercise of discretion in allowing additional filings to evaluate the propriety of summary judgment.

Accordingly, while there is no error in this case in allowing additional filings, we hold that when additional filings are ordered, an opportunity for further hearing should be afforded prior to the court's ruling. Appellants in this case raised a timely objection to the procedure. The objection need not be renewed upon the entry of judgment and is preserved on appeal.

Appellee, Gregory Motors, quite correctly argues that the motion for new trial on the basis of newly discovered evidence was improperly raised by the appellants. The evidence was known at the time judgment was entered; therefore, it may not be styled "newly-discovered." While appellee is correct, this court cannot overlook assertions in the motion for new trial on the basis of newly discovered evidence of an alleged perjury by Wayne Hudson which may impact the trial court's ruling on summary judgment. This court, however, would not make its opinion dependent upon the newly discovered evidence. In any event, a motion for new trial was not necessary, after the grant of a summary judgment, to preserve the issues on appeal.

### CONCLUSION

Finally, the question arises whether this court should grant affirmative summary judgment in favor of appellants. Appellants argue that appellee in the trial court filed no depositions or affidavits in opposition to summary judgment. Accordingly, appellee failed to meet its burden to oppose appellants' motion for summary judgment. This court has previously ruled in *Blackmore v. Davis Oil Company*, supra, 671 P.2d at 336, as follows:

"Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the party opposing the motion to show that a genuine issue of material fact exists which justifies taking the case to trial." Citing *Gennings v. First National Bank at Thermopolis*, Wyo., 654 P.2d 154, 156 (1982).

Yet, it is also this court's appellate duty to consider the record in the light most favorable to the party opposing the motion. *Timmons v. Reed*, Wyo., 569 P.2d 112, 116 (1977) and *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150 (1981). In applying this standard and giving appellee, Gregory Motors, all favorable inferences as to the facts and the applicable law, this court finds that there exist genuine issues of material fact which should be submitted to the trier of fact. While this case is reversed on the order granting summary judgment in favor of the appellee, Gregory Motors, it would be improper for this court to direct entry of summary judgment in favor of appellants.

Accordingly, we remand this case to the district court for further proceedings not inconsistent with this opinion.